IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK T. CROOM,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3817 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                              **January 6, 2023**

Plaintiff Derek T. Croom, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 regarding the search of his work vehicle on or about October 5, 2020 and his subsequent arrest. Pending before me is Croom's Complaint (ECF No. 1), two Motions to Proceed *In Forma Pauperis* (ECF Nos. 6, 8, and 11), his Prisoner Trust Fund Account Statements (ECF Nos. 5 and 10), and his Motion for Appointment of Counsel (ECF No. 4). Because it appears that Croom is unable to pay the filing fee, I will grant him leave to proceed *in forma pauperis*. For the following reasons, I will dismiss Croom's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**[1]

Croom, who is currently incarcerated at the Detention Center, a unit of the Philadelphia Department of Prisons, alleges that on or about October 5, 2020, he was driving to work in a company truck with his windows open when he stopped at a red light at B Street and Allegheny

---

[1] The factual allegations set forth in this Memorandum are taken from Croom's Complaint. (*See* ECF No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Avenue. (Compl. at 12.) Croom asserts while he was stopped at the red light, a "bike officer" suddenly "snatched open" his passenger side door, "reached across" Croom, put the truck in park, turned the vehicle off, and removed the keys. (*Id.*) Croom further claims that he was then "snatched out" of the truck and "thrown to the ground, and handcuff[ed]." (*Id.*) Croom alleges that the "bike officer" searched his truck and removed his tools. (*Id.* at 13.)

Croom claims that the truck was towed and seized by the Philadelphia Police Department. (*Id.*) Croom alleges that he was subsequently taken to the Police Department and charged with burglary and theft, and he asserts that a detainer was lodged against him because he was on probation at the time of his new arrest. (*Id.*) Croom alleges that he "stayed in jail" for six months fighting these charges and had four separate court appearances where neither the police nor the complainants appeared for court. (*Id.*) During this time, Croom contends that his "property was sold." (*Id.*)

Croom named the following Defendants in this action: (1) the City of Philadelphia; (2) the 24th & 25th Districts of the Philadelphia Police Department; and (3) an unnamed auto repair shop located at I and Erie Avenue in Philadelphia. (*Id.* at 1-2, 14.) Based on his allegations, Croom seeks damages in the amount of $216,000 for lost "work wages" over the last three years, as well as $50,000 from each Defendant for his loss of property, including his company truck. (*Id.* at 14.)

II.  **STANDARD OF REVIEW**

The Court will grant Croom leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] As Croom is a prisoner, he is subject to the obligation to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b), (h).

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Croom is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Croom brings this action for alleged violations of his civil rights under the Fourth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (Compl. at 3.) It appears from the factual allegations in the Complaint that Croom primarily intends to bring Fourth Amendment claims for an illegal search and seizure of his truck and for false arrest based on the events of October 5, 2020, although he may be raising other claims as well.[3] It is unclear at this time whether Croom

---

[3] While Croom cites the Eighth Amendment in his Complaint, his factual allegations do not support claims arising under the Eighth Amendment because claims challenging the legality of searches, seizures, and pretrial detention are properly raised under the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention

can identify the "bike officer" involved on October 5, 2020. However, the only Defendants Croom has named are the City of Philadelphia, the Philadelphia Police Department, and the auto repair shop, and Croom has failed to allege a plausible claim against any of these Defendants for the reasons set forth below.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

---

unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *cf. Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"). Unlike his Fourth Amendment claims, to the extent Croom seeks to allege that he was discriminated against on the basis of his race and profiled, such a claim would arise under the Equal Protection Clause of the Fourteenth Amendment. *See Berete v. Cortazzo*, No. 11-4111, 2012 WL 6628040, at *4 (E.D. Pa. Dec. 18, 2012) (construing plaintiff's "'racial discrimination and racial profile'" claim under the Equal Protection Clause).

### A.    Claims Against the Philadelphia Police Department

Croom names the 24th and 25th Districts of the Philadelphia Police Department as a Defendant in this action. However, Croom's claims against the Philadelphia Police Department are not plausible. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police Department is not a proper defendant in this case under § 1983 and all claims against the Department must be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). These claims will be dismissed with prejudice as any attempt to amend against the Philadelphia Police Department would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating

that leave to amend claims dismissed on screening should be generally be granted "unless amendment would be inequitable or futile.").

### B. Claims Against the City of Philadelphia

Croom also named the City of Philadelphia as a Defendant in this case. (Compl. at 1.) To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, Civ. A. No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

Beyond naming the City of Philadelphia as a Defendant in the designated spot on the form, Croom's Complaint contains no factual allegations against the City anywhere in the body of the Complaint itself. Croom's allegations regarding the conduct of the "bike officer" are insufficient to establish liability on the part of the City itself, and Croom does not allege any facts that the City had a custom or policy in place that led to a violation of his constitutional rights with respect to the search and seizure of his truck and his subsequent arrest. In the absence of any custom or policy allegations, Croom has failed to allege a plausible claim under § 1983 and his claims against the City of Philadelphia must be dismissed pursuant to § 1915(e)(2)(B)(ii).

6

### C. Claims Against the Auto Repair Shop

Croom names an unidentified auto repair shop in Philadelphia as a Defendant in this matter. (Compl. at 2.) There are no factual allegations, however, against this auto repair shop anywhere in Croom's Complaint. The auto repair shop is mentioned only in Croom's demand for damages. With no substantive factual allegations, Croom has failed to allege how the auto repair shop was involved in the events of October 5, 2020, let alone whether the auto repair shop was functioning as a state actor in these circumstances. In general, private entities may "be liable under § 1983 if they have conspired with or engaged in joint activity with state actors[.]" *Farrar v. McNesby*, 639 F. App'x 903, 906 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). However, Croom's Complaint does not sufficiently describe the how this unidentified auto repair shop was involved in the events of October 5, 2020. While it is alleged that a Philadelphia Police Officer – a "bike officer" – was on the scene at the time the truck was towed, there are no factual allegations to support the notion that Croom's truck was towed by this specific auto repair shop; or that the towing occurred at the direction of, or by order of, the police. Accordingly, Croom's claims against the auto repair shop are not plausible and must be dismissed pursuant to § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Croom leave to proceed *in forma pauperis* and dismiss Croom's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The dismissal of Croom's Complaint will be without prejudice to Croom filing an amended complaint if he can state a plausible claim against an appropriate defendant by identifying the defendant or defendants and describing what they did that resulted in a violation of his constitutional rights. Croom's Motion for Appointment of Counsel is denied without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of

counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows, which provides further instruction as to amendment.