IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK T. CROOM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3817 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                     **OCTOBER 11, 2023**

Plaintiff Derek T. Croom, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 regarding the search of his vehicle in October of 2020 and his subsequent arrest. By Memorandum and Order dated January 6, 2023, I granted Croom leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Croom v. City of Philadelphia*, No. 22-3817, 2023 WL 137432, at *1 (E.D. Pa. Jan. 6, 2023). I granted Croom leave to amend in the event he could state a plausible claim against an appropriate defendant. *Id.* at *4. Croom filed an Amended Complaint on March 7, 2023. (Am. Compl., ECF No. 17.) For the following reasons, I will dismiss Croom's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[1]

Croom, who is currently incarcerated at the Detention Center, a unit of the Philadelphia Department of Prisons, names the following Defendants in his Amended Complaint: (1) the

---

[1] The factual allegations set forth in this Memorandum are taken from Croom's Amended Complaint. (*See* ECF No. 17). The Court adopts the pagination assigned to the Amended Complaint and the attached Exhibits by the CM/ECF docketing system.

Philadelphia Police Department ("PPD"); (2) the Philadelphia Prison System ("PPS"); (3) Philadelphia Police Commissioner Danielle Outlaw (4) Trinidad Tires; (5) the City of Philadelphia; (6) the Philadelphia Parking Authority ("PPA"); and Philadelphia Police Officers (7) Jamie Jones; (8) Andras Kraszai; (9) Mark Johonson; (10) Randall Forward; and (11) Timothy Fitzgibbon. (Am. Compl. 1-2.)

Croom alleges that on or about October 7, 2020, he was driving "lawfully" in "his company truck" with his windows open when he stopped at a red light. (*Id.* at 2.) Croom asserts that a female bike police officer "snatched open" the door of his truck "at gun point" while he was stopped at the red light, "reached across" him, put the truck in park, turned the vehicle off, and removed the keys. (*Id.*) Croom claims that he was then "snatched out" of the driver's side of the truck "at gun point" by a different police officer, thrown to the ground, handcuffed, and then placed into a police car where he witnessed unnamed police officers search his work truck and remove his tools shortly before the PPA towed the vehicle. (*Id.*) Croom also asserts that the police officers conducted a "line up" while he was handcuffed, and then placed into the back of the police car. (*Id.*) He claims that this "line up" consisted of an unnamed person approaching the police car and "I.D.[ing]" Croom after the window was lowered. (*Id.*) Croom contends that the person who identified him was "someone . . . [he] never saw before[,]" but he alleges that the witness was an employee of Trinidad Tires. (*Id.*)

The police report attached to the Amended Complaint as Exhibit 2[2] provides additional factual background regarding Croom's arrest. (*See* Ex. 2 to Am. Compl. at 4.) At approximately

---

[2] Croom attached a copy of his arrest report as Exhibit 2 to his Amended Complaint, as well as a copy of a detainer alert, identified as Exhibit 1. (Am. Compl. at 3-4.) In screening Croom's Amended Complaint pursuant to § 1915(e)(2)(B), the Court may properly consider these exhibits. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug.

6:30 am on October 5, 2020, an unnamed employee of Trinidad Tires "contacted the owner [of the business] after noticing the gate lock had been broken and the fence guarding the lot was open." (Am Compl. at 4.) The owner called 911, and a subsequent review of Trinidad Tires's video surveillance showed that at approximately 6:15 am, "an unknown black male wearing a blue hat, black sweatshirt, black sweatpants and white Adidas sneakers" broke "the lock on the fence and force[d] the gate open to gain access to the yard." (*Id.*) The surveillance video also showed that the offender walked "towards a set of tires with rims" and placed the tires on a wheel dolly before exiting the yard and returning to a "dark colored pickup truck[.]" (*Id.*) The video then shows that the offender backed the vehicle up to the tires and loaded the tires and the dolly onto the truck before leaving the property. (*Id.*) The police report notes that the license plate of the offender's truck, Pennsylvania tag number ZRE-7439, was visible during the time of the theft. (*Id.*)

The police report further explains that two days later, on October 7, 2020, Officers Jones and Kraszai "were working in uniform . . . when they observed the suspects' [sic] vehicle" driving on the 300 block of East Allegheny Avenue "with a black male operator wearing the . . . clothing worn by the offender[.]" (*Id.*) Officers Jones and Kraszai then "conducted a vehicle investigation" and notified the "complainant from the burglary[.]" (*Id.*) The police report notes that the "complainant positively identified the male" driver and "recognized him" as a "previous customer" of Trinidad Tires. (*Id.*) According to the police report, Officers Jones and Kraszai also recovered a pair of bolt cutters from the truck, and the driver was identified as Derek Croom. (*Id.*) The truck Croom was driving was "unregistered" and "was taken to PPA Lot 6[.]" (*Id.*)

---

15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

Croom alleges that he was taken to the "35th Police District" where he was "finger[] printed and charged" with burglary and theft. (*Id.* at 2.) Croom asserts that a detainer was lodged against him because he was on probation, that he was arraigned on October 8, 2020, and his bail was set at $25,000. (*Id.*) Croom "stayed in jail" for six months fighting these charges and alleges that he had four separate court appearances where neither the police nor the complainants showed up for court. (*Id.* at 5.) During this time, Croom contends that his "property"—the company truck—was sold. (*Id.*) Based on his allegations, Croom asserts claims for violations of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 6.) Croom seeks compensatory damages of $50,000 from each Defendant and $25,000 in damages specifically from the PPA. (*Id.*) He also seeks over $200,000 in damages for lost wages, business expenses, and the loss of various personal property. (*Id.* at 7.)

## II.     STANDARD OF REVIEW

The Court previously granted Croom leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Croom is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, at 175 n.3 (3d Cir. 2019).

### III.  DISCUSSION

Croom brings this action for alleged violations of his civil rights under the Fourth and Fourteenth Amendments[3] pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (Am. Compl. at 6.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

---

[3] Although Croom also cites to the Fifth and Sixth Amendments in his Amended Complaint, there is no apparent basis for a claim under either of these Amendments, and I will not address them further.

A. **Claims Against the PPD & PPS**

Croom again names the PPD and the PPS as Defendants in the caption of his Amended Complaint.[4] I previously dismissed the PPD with prejudice from this action, concluding that Croom could not state a plausible claim because the PPD is not a proper defendant in a § 1983 action. *See Croom*, 2023 WL 137432, at *3. For the same reasons, any claims Croom seeks to bring against the PPD in his Amended Complaint are also not plausible and must be dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Similarly, "the Philadelphia Prison System, [a] department[] of the City of Philadelphia itself, [is] not [a] proper defendant[]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257). Moreover, the PPS is also not considered a "person" for purposes of § 1983. *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, No. 12-

---

[4] While Croom does not make any substantive allegations against the either the PPD or the PPS in the body of the Amended Complaint, in an abundance of caution and construing the Amended Complaint liberally, I will address any potential claims against the PPD and the PPS to the extent Croom seeks to raise them.

4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)). Accordingly, I will dismiss Croom's claims against the PPS with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

### B. Claims Against the City of Philadelphia & the PPA

Croom's Amended Complaint names the City of Philadelphia as a Defendant in addition to naming the PPA. (Am. Compl. at 2.) As to the City, Croom alleges only that Philadelphia "is where the events giving rise to this claim aoccured [sic]." (*Id.*) With respect to the PPA, Croom asserts that the PPA towed his work truck shortly after the police searched the vehicle. (*Id.*) I previously found that Croom failed to "allege any facts that the City had a custom or policy in place that led to a violation of his constitutional rights with respect to the search and seizure of his truck and his subsequent arrest" and dismissed Croom's § 1983 claims against the City pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. *Croom*, 2023 WL 137432, at *3. To successfully plead a *Monell* claim with respect to either the PPA or the City, the Amended Complaint must make policy or custom allegations against these Defendants. *See King v. City of Phila.*, 654 F. App'x 107, 112 (3d Cir. 2016) (*per curiam*) (citing *Monell*, 436 U.S. at 694). Much like the original Complaint, however, Croom's Amended Complaint fails to state a claim for municipal liability against the City or the PPA because Croom alleges simply that the events at issue took place in the City of Philadelphia and that the PPA towed the truck following the police search. (Am. Compl. at 2.) These allegations do not detail a custom or policy that resulted in a constitutional violation and are insufficient to state a plausible *Monell* claim. Accordingly, Croom's § 1983 claims against both the City and the PPA must be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). As Croom has already been given an opportunity to cure the defects in his *Monell* claims and has been unable to do so, I conclude that further amendment would be futile, and Croom's claims against the City of Philadelphia and the PPA will be dismissed

with prejudice. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

### C. Claims Against Trinidad Tires

Croom names Trinidad Tires as a Defendant in the Amended Complaint. Claims under § 1983 require a constitutional deprivation committed by a person acting under color of state law. *West*, 487 U.S. at 48. Whether a defendant may properly be considered a state actor for purposes of § 1983 liability depends on whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998). To demonstrate the requisite level of joint participation and collaboration, the plaintiff must allege:

> the existence of a pre-arranged plan [between the police and a private individual or entity] by which the police substituted the judgment of private parties for their own official authority. Absent allegations ... tending to show such a plan, [a private party cannot] be said to have engaged in the "concerted" or "joint action" with the police necessary to bring them within the scope of a § 1983 claim.

*Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984)

However, "[m]erely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity [or individual] into a state actor." *Cooper v. Muldoon*, No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006) (citing cases). The same is true even if the information provided to the police is false. *See Kahermanes v. Marchese*, 361 F. Supp. 168, 171 (E.D. Pa.

8

1973) ("The deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil Rights Acts."). Similarly, "[c]omplaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors") (citations omitted)); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).

Croom's Amended Complaint alleges in a conclusory manner that Trinidad Tires "is legally responsible" for the illegal search of his truck and his illegal arrest. (Am. Compl. at 2.) However, the police report attached to the Amended Complaint makes clear that the involvement by Trinidad Tires, by way of the owner and an employee, was limited to calling the police to report an apparent break-in and burglary on the premises, providing surveillance video, and identifying Croom as a prior customer once he was in police custody. (*Id.* at 4.) Croom does not contradict or add to these facts in any meaningful way. Accordingly, Croom's Amended Complaint fails to allege facts sufficient to support a plausible claim that Defendant Trinidad Tires may be considered

a state actor in this case. Croom does not allege a prearranged plan between Trinidad Tires and the police, nor are there any allegations that the police acted in a manner that was tantamount to substituting the judgment of a private party for their own. *See Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) (citing *Alexis v. McDonald's Rest.*, 67 F.3d 341, 351-52 (1st Cir. 1995)). Accordingly, Croom's claims against Trinidad Tires are not plausible and must be dismissed pursuant to § 1915(e)(2)(B)(ii). Because it appears that any attempt to amend against Trinidad Tires would be futile, these claims will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile").

      **D.**      **Claims Against Philadelphia Police Officers**

Croom also names several Philadelphia Police Officers in the Amended Complaint as well as the Philadelphia Police Commissioner. Croom does not make any factual allegations that Defendants Johonson, Forward, Fitzgibbon, or Outlaw were actually personally involved in any of the events alleged in the Amended Complaint, including stopping his vehicle, searching the vehicle, or placing Croom under arrest. "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *See Dooley*, 957 F.3d at 374 (quoting *Rode*, 845 F.2d at 1207)). In the absence of specific allegations of personal involvement in the alleged violation, Croom's claims against Johonson, Forward, Fitzgibbon, and Outlaw will be dismissed as Croom has not alleged that each Defendant, through the official's own individual actions, violated the Constitution. *See* Rode, 845 F.2d at 1207; *see also Iqbal*, 556 U.S. at 676.

10

Accordingly, I will dismiss Croom's claims against Defendants Johonson, Forward, Fitzgibbon, and Outlaw pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

With respect to Officers Jones and Kraszai, it appears that Croom seeks to bring claims under the Fourth Amendment challenging the legality of search of the vehicle and for false arrest.[5] The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that

---

[5] Croom contends that the events alleged in the Amended Complaint also violated his rights under the Fourteenth Amendment. (Am. Compl. at 6.) Generally, claims challenging the legality of searches, seizures, and pretrial detention are properly raised under the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." ); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."). In *Albright,* the Supreme Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273 (internal quotations omitted); *see also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all). Since the Fourth Amendment provides an explicit textual source for Croom's false arrest claim, that claim will be analyzed under that more specific provision and his Fourteenth Amendment claims will be dismissed.

Additionally, to the extent Croom seeks to raise a Fourteenth Amendment equal protection claim asserting that his traffic stop, the search of his vehicle, and his arrest were the result of racial profiling or racial discrimination, Croom has again failed to allege sufficient facts to state a plausible claim. To raise "an equal protection claim in the profiling context, a plaintiff must [allege] that the official actions had a discriminatory effect and were motivated by a discriminatory purpose." *See Berete*, 2012 WL 6628040, at *4 (E.D. Pa. Dec. 18, 2012) (citing *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002)). With respect to "discriminatory effect, a plaintiff must [allege] that he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class." *Id.* (citing *Bradley*, 299 F.3d at 206). Croom's allegations of racial discrimination are entirely conclusory, and he has not alleged sufficient facts to support a plausible equal protection claim. Accordingly, Croom's equal protection claim will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

11

he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *see also White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016) ("To make out either a false arrest or false imprisonment claim, [the plaintiff] needed to demonstrate that his arrest was unsupported by probable cause."). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Likewise, "probable cause justifies a search." *Whren v. United States*, 517 U.S. 806, 819 (1996).

Croom's Amended Complaint does not allege sufficient facts to support a plausible inference that Officers Jones and Kraszai lacked probable cause to search his vehicle and arrest him with respect to the burglary at Trinidad Tires. To the contrary, the police report attached to the Amended Complaint indicates that Officers Jones and Kraszai took the initial report on October 5, 2020 and observed the suspect vehicle on October 7, 2020 prior to initiating the stop and conducting the search which led to Croom's identification and arrest. (Am. Compl. at 4.) They also obtained a positive identification of Croom as a former customer of Trinidad Tires, observed him to be wearing the same clothes as the suspect and driving the suspect vehicle, and recovered a pair of bolt cutters from Croom's vehicle at the time of the search. (*Id.*) Taken together, these facts provided a reasonable basis for the officers to have believed that Croom was the offender observed on the surveillance video taken from Trinidad Tires. *See Anderson v. Mesure*, 394 F. App'x 848, 850 (3d Cir. 2010) (affirming the district court's dismissal of malicious prosecution claims on the basis that probable cause existed to initiate criminal proceedings where police officer reviewed video surveillance tapes and statements from witnesses regarding a retail theft); *Freeman v. McDow*, No. 17-1931, 2018 WL 2357758, at *2 n.2 (D.N.J. May 24, 2018) (claim for

false arrest failed because the police had probable cause for plaintiff's arrest where the plaintiff "was on video surveillance committing the offense; . . . attempted to take a car from a woman outside of the store after the robbery who identified him; and . . . was found in possession of the cash drawer from the store when taken into custody."); *Mason v. Kruczaj*, No. 13-6512, 2016 WL 161594, at *6 (E.D. Pa. Jan. 13, 2016) (explaining that probable cause for arrest existed "based on the perceived identification, the surveillance footage evidence, [and] the similarities in the clothing"). Importantly, nothing in the Amended Complaint undermines or contradicts this factual account; to the contrary, the pleading appears to rely on and complement the version of events described in the affidavit. Accordingly, the allegations of Croom's Amended Complaint do not state a plausible claim for relief and must be dismissed pursuant to § 1915(e)(2)(B)(ii). *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."). As it appears that any attempt to amend his claims against Jones and Kraszai would be futile, Croom's claims will be dismissed with prejudice.[6]

## IV. CONCLUSION

For the foregoing reasons, I will dismiss Croom's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Croom's Motion for Appointment of Counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether

---

[6] To the extent Croom also challenges his related prosecution, his failure to plausibly allege an absence of probable cause is likewise fatal to any such challenge. *See Berry v. Kabacinski*, 704 F. App'x 71, 73 (3d Cir. 2017).

appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.